IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SONIA R. HAMMOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 07-CV-00896-WHA-TFM |
| | § | |
| NELL E. LAMB and TODD SWING, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO REMAND OR IN THE ALTERNATIVE
TO CONDUCT DISCOVERY ON THE ISSUE OF JURISDICTION**

COMES NOW the Plaintiff, Sonia R. Hammock, and moves this Court pursuant to 28 U.S.C. § 1447(c) for an order remanding this cause to the Circuit Court of Lowndes County, Alabama. In the alternative, Plaintiff requests leave to conduct discovery on the limited issue of jurisdiction. In support thereof, Plaintiff states as follows:

1. The state-court complaint in this case was filed on September 11, 2007, in the Circuit Court of Lowndes County, Alabama, against Defendants Nell E. Lamb and Todd Swing.

2. Plaintiff Sonia R. Hammock is a resident of the State of Alabama.

3. Upon information and belief, Defendant Nell E. Lamb was a resident of the State of Alabama both when this case was filed on September 11, 2007, and also when she was served with the Summons

and Complaint at 120 Lost Trail, Lowndesboro, Alabama, on September 24, 2007.

4. Defendant Todd Swing was a resident of the State of Alabama at the time of the accident made the basis of this case. Upon information and belief, Swing is currently living in Laingsburg, Michigan.

5. On October 5, 2007, Defendant Swing joined by Defendant Lamb removed this action from state court alleging diversity of jurisdiction.

6. This case should be remanded to state court for two reasons.

7. The first reason is that Defendants have not met their burden of establishing that the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. The law is well settled that where a plaintiff's complaint demands an unspecified amount of damages, as in this case, a defendant may not speculate as to plaintiff's damages to achieve removal; rather, a defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-7 (11th Cir. 1996); Williams v. Best Buy Co., Inc., 269 F.3d 1316 (11th Cir. 2001); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284 (11th Cir. 1998); Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994); Nimrod v. America Merchants Life Ins. Co., 2002 WL 397308

(March 8, 2002, M.D. Ala.). Defendants' assertions of Plaintiff Hammock's damages do not satisfy the requisite burden of proof where Plaintiff Hammock herself pled unspecified damages.

8.  Plaintiff's motion to remand is due to be granted for a second reason.  There is no diversity jurisdiction on the face of Plaintiff's complaint.  There must be complete diversity of citizenship, meaning that no defendant may be a citizen of the same state as any plaintiff, at the time the cause of action is filed and the defendant is served. <u>Rayfield v. Nat'l. Auction Group</u>, 878 F.Supp. 203, 205 (M.D. Ala. 1995). For jurisdictional purposes, citizenship is determined by physical presence within a state coupled with an intent to make a home there indefinitely. <u>McDonald v. Equitable Life Ins. Co. of Iowa</u>, 13 F.Supp.2d 1279 (M.D. Ala. 1998).  To successfully change one's citizenship, residence in a new state and an intent to remain there are both required. <u>Rayfield</u>, 878 F.Supp. 203 at 206. Plaintiff alleges that this case's facts demonstrate that Defendant Lamb was a resident and citizen of the State of Alabama when she was served with the Summons and Complaint in Lowndes County on September 24, 2007.

9.  In the alternative to remand, Plaintiff asks this Court to grant leave to Plaintiff to commence immediate discovery in the case limited solely to the jurisdictional issue.  Rule 26(d) provides that "[e]xcept as authorized under these rules or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred

3

as required by subdivision (f)."  Fed. R. Civ. P. 26(d).  While generally precluding discovery until the Rule 26(f) meeting, the rule nonetheless permits the court to set the timing of discovery "for the convenience of the parties and the witnesses and in the interests of justice."  Fed. R. Civ. P. 26(d).  The rule allows the district court to order discovery early in the case and to order expedited discovery upon a showing of good cause.

In further support of this motion, Plaintiffs rely on the Memorandum of Law and Evidentiary Submission in Support of Plaintiff's Motion to Remand.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will remand this action to the state court where it was originally filed.

/s/ Tedford Taylor
TEDFORD TAYLOR

Attorney for Plaintiff

OF COUNSEL:
TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (phone)
tedford@taylorlawyers.com (e-mail)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed this pleading so that service will be sent by the ECMF System via electronic mail to counsel of record on this the 25th day of October, 2007:

Larry R. Bradford, Esq.
lbradford@bradfordsears.com


                      /s/ Tedford Taylor
                      TEDFORD TAYLOR