IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SONIA R. HAMMOCK,                §
                                 §
     Plaintiff,                  §
                                 §
                                 §
v.                               §     CIVIL ACTION NO.
                                 §     07-CV-00896-WHA-TFM
NELL E. LAMB and TODD SWING,     §
et al.,                          §
                                 §
     Defendants.                 §

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

COMES NOW the Plaintiff, Sonia R. Hammock, and in further support of her previously filed Motion to Remand, states as follows:

**Factual Background**

On November 23, 2005, Defendant Nell E. Lamb (hereinafter "Lamb") failed to yield the right-of-way and negligently and/or wantonly caused the vehicle she was operating to collide with the vehicle being driven by Plaintiff Sonia R. Hammock. (Exhibit 1, p. 4). Plaintiff sustained injuries as a result of the collision including, but not limited to, injury to her shoulder requiring surgery to repair a torn rotator cuff. (Exhibit 1, pg. 4). Defendant Todd Swing (hereinafter "Swing") owned the vehicle that Lamb was driving at the time of the collision and negligently entrusted his vehicle to Defendant Lamb. (Exhibit 2).

Plaintiff Sonia R. Hammock filed this case on September 11, 2007, in the Circuit Court of Lowndes County, Alabama, against both Defendants Lamb and Swing. (Exhibit 1). On September 26, 2007, Defendant Swing filed a Notice of Removal and his answer with this Honorable Court, agreeing to file such without the necessity of formal service of process upon him, thereby waiving his defense to proper service. On that same date, Lamb joined Swing's Notice of Removal and also filed her answer with this Court. (Exhibit 3). Defendants contend that removal to this Court is proper because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties.

Plaintiff Sonia R. Hammock, at all times relevant to this action, was, and still is, a resident and citizen of the State of Alabama. Defendant Lamb was a resident of the State of Alabama both when this cause of action was filed on September 11, 2007, and also when she was served with the Summons and Complaint at 120 Lost Trail, Lowndesboro, Alabama, on September 24, 2007. Defendant Swing was a resident of the State of Alabama at the time of the collision who, it is believed, is currently living in Laingsburg, Michigan.

On the date of the collision, Defendant Lamb was employed as a nurse at Tutwiler Prison in Wetumpka, Alabama. (Exhibit 2). On the accident report, both Defendants Lamb and Swing disclosed their address as: 112 Sullivan Hill Highway 80 West, Lowndesboro,

Alabama, 36752. (Exhibit 3). On September 24, 2007, the day Defendant Lamb was served with the Summons and Complaint, Defendant Lamb's mother informed the process server that Defendant Lamb was asleep because she was a nurse. (Exhibit 4). It is believed that Defendant Lamb had worked late the previous night, and that is why she was asleep at 10:00 that morning. Defendant Lamb's mother also stated that both she and Defendant Lamb were planning on moving to Michigan, but were going to maintain their residence at 120 Lost Trail, Lowndesboro, Alabama. (Exhibit 4). Additionally, Defendant Lamb is a registered nurse with an active Alabama RN license # 1-040210 which does not expire until December 31, 2008. It is believed that since Defendant Lamb has been served, she and her mother have moved to Michigan to live with Defendant Swing.

With regard to the amount in controversy, Defendants speculate that it exceeds $75,000. Nowhere in the Plaintiff's complaint is there an assertion for a specified amount of damages. (Exhibit 1). Rather, Plaintiff asks for unspecified relief in an "amount exceeding the jurisdictional minimum of this Court." (Exhibit 1).

## Standard of Review

The law is well settled that a defendant who is seeking removal to federal court bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Rayfield v. Nat'l. Auction Group, 878 F.Supp. 203, 206 (M.D. Ala. 1995)(citing Scoggins v. Pollock, 727 F.2d 1025, 1028 (11th Cir. 1984); Brech v.

Prudential Ins. Co. of America, 845 F.Supp. 829, 831 (M.D. Ala. 1993); Simmons v. Skyway of Ocala, 592 F.Supp. 356, 358 (S.D. Ga. 1984). Further, removal statutes are to be strictly construed against removal; doubts as to the removability of an action are to be resolved against removal and resolved in favor of the party seeking remand to state court. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Therefore, this Court must evaluate all of the factual allegations in the light most favorable to Plaintiff and should "resolve all questions of fact and controlling law" in favor of Plaintiff. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

## Argument

Federal courts exercise original jurisdiction over civil actions when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a)(1). Since this court is one of limited jurisdiction, if a defendant cannot show that federal jurisdiction is absolutely clear, remand of the removed case is favored. Audi Performance and Racing LLC v. Kasberger, Revo Technik, America, LLC, 273 F.Supp.2d 1220, 1225 (M.D. Ala. 2003). As the party seeking removal, Defendants Lamb and Swing have not met their burden of showing clear federal jurisdiction, and this case should be remanded back to the Circuit Court of Lowndes County, Alabama.

**I    Complete Diversity of Citizenship Does Not Exist Among the Parties.**

    **A.    Defendant Lamb Was a Citizen of the State of Alabama Until September 24, 2007, or Later.**

Complete diversity of citizenship, meaning that no defendant may be a citizen of the same state as any plaintiff, is required *at the time the cause of action is filed and the defendant is served* for this Court to have jurisdiction. Rayfield v. Nat'l. Auction Group, 878 F.Supp. 203, 205-206 (M.D. Ala. 1995)(emphasis added).  For diversity jurisdiction purposes, "citizenship" means "domicile."  Audi Performance and Racing LLC v. Kasberger, Revo Technik, America, LLC, 273 F.Supp.2d 1220, 1226 (M.D. Ala. 2003)(citing Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  273 F.Supp.2d at 1226, quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.) cert. denied, 419 U.S. 842 (1974).

Historically, courts have used certain presumptions in order to establish domicile.  Audi, 273 F.Supp.2d at 1226. One such presumption is "that the state in which a person resides at any given time is also that person's domicile." Id., quoting McDonald v. Equitable Life Ins. Co. Of Iowa, 13 F.Supp.2d 1279, 1281 (M.D. Ala. 1998).  Another presumption is that "once an individual has established a domicile, he remains a citizen there until he

satisfies the mental and physical requirements of domicile in a new state." Audi, 273 F.Supp.2d at 1226, quoting McDonald, 13 F.Supp.2d at 1281. And finally, there is an important presumption of favoring an established domicile over an allegedly newly acquired one. 273 F.Supp.2d at 1226, citing Brown v. Transouth Finan. Corp., 897 F.Supp. 1398, 1402 (M.D. Ala. 1995).

Applying the presumptions in this case, Alabama appears to have been Defendant Lamb's residence when she was served on September 24, 2007, since she was sleeping there and had been at work the previous day. As her residence, it is presumed Alabama was also her domicile. Next, Defendant Lamb is presumed to remain a citizen of Alabama until she satisfies the requirements of making Michigan her domicile. As discussed more fully below, her future intent to make Michigan her residence does not satisfy the mental and physical requirements of changing domicile. And last, as her established domicile, Alabama is favored over the domicile she is now trying to establish in Michigan.

In addition to the aforementioned presumptions, courts examine a host of specific objective factors including "location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local,

professional, civic, religious, or social organizations." <u>Audi</u>, 273 F.Supp.2d at 1226, citing <u>Rayfield</u> 878 F.Supp. at 206. To determine domicile, the test is one of a totality of the evidence. 273 F.Supp.2d at 1227, citing <u>McDonald</u>, 13 F.Supp.2d at 1281.

In the <u>Audi</u> case, the defendant was planning to move to Florida and had even taken some steps to do so, including moving his clothing and personal belongings, and opening Florida bank accounts. 273 F.Supp.2d at 1228. While in Florida, he started a contract job and stayed with his parents, paying no rent or utilities. The court found other factors established that he was still domiciled in Alabama, including the fact that his wife still occupied an apartment in Alabama and he came to visit her and stayed at the apartment. <u>Id.</u> at 1223. Other factors were that he maintained an Alabama driver's license, vehicle registration and license plate, Alabama voter status, and an Alabama cell phone. <u>Id.</u> at 1228. On these facts, the court found that whether the defendant successfully changed his domicile to Florida at some date after service of process did not change the fact that he had not met his burden of clearly establishing requirements for diversity jurisdiction. <u>Id.</u> at 1228.

In this case, Defendant Lamb was asleep at the Alabama residence on the day she was served. Her mother represented to the process server that she was asleep because she was a nurse, and had apparently worked the late shift the previous day. On these facts,

7

it is reasonable to assume that Defendant Lamb was living and working in Alabama at the time she was served. Additionally, even though the mother articulated a future intent to move to Michigan, she stated that they would maintain the residence at 120 Lost Trail, Lowndesboro, Alabama. From her mother's statement evidencing their future intent to live in Michigan, it is implied that both Defendant Lamb's and her mother's present domicile was Alabama. Defendant Lamb's assertion that she was visiting her mother at her house is much like the Audi defendant's argument that he was merely visiting his wife in Alabama while claiming that his domicile was really in Florida where he was staying with his parents. Audi, 273 F.Supp.2d at 1227. The Audi court held that his claim that he was visiting and had a future intent to be domiciled in Florida were not sufficient to establish diversity jurisdiction. Id. The case is the same here. Defendant Lamb, whether "visiting" her mother in Alabama, or residing and working in Alabama as the facts suggest, has not demonstrated the intent requirements to overcome the presumptions that she was still domiciled in Alabama at the time she was served.

Given the weight of the presumptions favoring Alabama as Defendant Lamb's domicile at the time of service, and the facts that she was living and working in Alabama at the time of service and, via her mother's statement, had only a future intent to move

to Michigan, Defendant Lamb has not met her burden to clearly establish her domicile as Michigan at the time of service.

**B.   Defendant Lamb Had Not Changed Her Domicile to the State of Michigan at the Time She Was Served with the Summons and Complaint in this Case.**

A person may only have one domicile at any given time and in order to change one's domicile she must (1) reside in the new locality and (2) intend to remain. Rayfield v. Natl. Auction Group, 878 F.Supp. 203, 206 (M.D. Ala. 1995), quoting Welsh v. American Surety Co. of New York, 186 F.2d 16, 17 (5th Cir. 1951). Both of these elements are required and the existence of one alone is not enough to establish a new domicile. 878 F.Supp. at 206. In the Audi case, the Court held that just because the defendant was living with someone in Florida and saying that he intended Florida to be his home when his wife was served in Alabama was not enough to overcome his established domicile in Alabama. Audi, 273 F.Supp.2d at 1227.

At the time Defendant Lamb was served with the Summons and Complaint, in order for Michigan to be her domicile, she was required to reside and Michigan and intend to remain there. Defendant Lamb has not met her burden of showing this change in domicile. When she was served, she was sleeping in the house at 120 Lost Trail, Lowndesboro, Alabama. It is believed, through her mother's representations, that she had worked a late shift as a nurse the previous day. Additionally, her mother articulated that

they were planning on moving to Michigan, *evidencing that they had not yet moved, but merely had a future intent to do so.* She further represented that they would be keeping the residence in Alabama. This future intent to be domiciled in Michigan, coupled with the fact that Defendant Lamb was working and residing in Alabama, does not satisfy the required mental and physical intents to change one's domicile. Since Defendant Lamb had not changed her domicile to Michigan at the time of service, there is not complete diversity of citizenship among the parties.

**II   The Amount in Controversy Requirement for Diversity Jurisdiction Is Not Satisfied.**

The general federal rule has long been to look to the complaint itself to discern the amount in controversy, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith. Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 353 (1961). In as much, it is presumed that the plaintiff, as master of her complaint, valuated her damages in good faith. In her Complaint, Plaintiff Sonia R. Hammock seeks an indeterminate amount in damages, leaving the evaluation of her claims against the Defendants for jury determination.

The law is well settled that where a plaintiff's complaint demands an unspecified amount of damages, as in this case, a defendant may not speculate as to a plaintiff's damages to successfully remove a case to federal court; rather, a defendant

must prove by a preponderance of the evidence that the $75,000 minimum is met. <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1356-7 (11th Cir. 1996); <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316 (11th Cir. 2001); <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284 (11th Cir. 1998); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092 (11th Cir. 1994); <u>Nimrod v. America Merchants Life Ins. Co.</u>, 2002 WL 397308 (March 8, 2002, M.D. Ala.).

Determination of the amount in controversy is governed by objective criteria, not the subjective estimation of counsel. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095-96 (11th Cir. 1994). Defendants rely on Plaintiff's complaint and the fact that she underwent surgery on her shoulder as a basis for proving the jurisdictional amount. (Exhibit 1). Again, her complaint alleges unspecified damages. Since the amount in controversy is not clearly stated in the complaint, nor is it readily deducible from the complaint, the law is well settled that this Court must remand this case. <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1211 (11th Cir. 2007). It is for neither Defendants' counsel nor Plaintiff's counsel to speculate as to the amount in controversy.

Consequently, this case is due to be remanded based on Defendants' failure to meet their burden of proof both to show that the requisite amount in controversy is met and also to show that there was complete diversity of citizenship among the parties at the time the Summons and Complaint was served.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Sonia R. Hammock, prays that this Honorable Court will remand this action to the state court where it was originally filed. Plaintiff also requests payment of just costs, actual expenses and attorneys' fees associated with the removal.


/s/ Tedford Taylor
TEDFORD TAYLOR

Attorney for Plaintiff


OF COUNSEL:

TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (phone)
tedford@taylorlawyers.com (e-mail)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed this pleading so that service will be sent by the ECMF System via electronic mail to the following on this the 25th day of October, 2007.

Larry Bradford, Esq.
lbradford@bradfordsears.com

/s/ Tedford Taylor
TEDFORD TAYLOR