IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SONIA R. HAMMOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Number: 2:07CV896-WHA |
| | ) |
| NELL E. LAMB and TODD SWING, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

COME NOW the defendants, Nell E. Lamb and Todd Swing, pursuant to 28 U.S.C. § 1446, and responds to the plaintiff's motion to remand or, in the alternative, to conduct discovery concerning jurisdiction. In support of the motion, the defendants show unto the court as follows:

I. **THE PLAINTIFF'S MOTION TO REMAND IS DUE TO BE DENIED AS DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE DEFENDANTS AND THE PLAINTIFF.**

The plaintiff's contention that Nell E. Lamb ("Lamb") and Todd Swing ("Swing") are residents of Alabama, for purposes of remanding this case to state court, is misplaced and without any basis in law or fact.

"In determining the existence of diversity, the court must inquire into [the defendants'] domicile both when the complaint was originally filed and at the time of removal". Brown v. Transouth Finan. Corp., 897 F.Supp. 1398, 1402 (M.D. Ala. 1995).

Numerous specific objective facts are used to determine whether a domicile has been established, including "location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local, professional, civic, religious, or social organizations." Audi Performance and Racingc LLC v. Kasberger, Revo Technik, America, LLC, 273 F. Supp.2d 1220 (M.D. Ala. 2003) (citing Rayfield v. Nat'l Auction Group, Inc., 878 F.Supp.203, 206 (M.D. Ala. 1995).

Indeed, both Lamb and Swing were residents of Michigan at the time this lawsuit was filed on September 11, 2007 and when Lamb was served with a copy of this complaint on September 24, 2007. Swing has filed an answer without the necessity of formal service upon him. (See Affidavit of Nell E. Lamb, attached hereto as exhibit "1"; See also Affidavit of Todd Swing, attached hereto as exhibit "2").

Swing has been a resident of Michigan since at least June 2006 and intended on remaining there indefinitely at the time this lawsuit was filed. (Exhibit "2"). He has not owned nor rented any property in Alabama since at least June 2006. (Exhibit "2"). Swing was employed, registered to vote, attended church and received mail in Michigan at the time this lawsuit was filed. (Exhibit "2").

Swing also had a Michigan driver's license and his automobile was titled in Michigan before this lawsuit was filed (Exhibit "2"). Swing possessed a Michigan-issued sign-language certification before this lawsuit was filed. (Exhibit "2"). His personal belongings and household items have been located in Michigan since June 2006. (Exhibit "2").

Lamb became a resident of Michigan in June 2007 and intended to remain in Michigan indefinitely. (Exhibit "1"). Lamb only temporarily returned to Alabama in an effort to assist her elderly mother in packing and moving to Michigan as well, at which time she was served with a copy of the complaint in this case. (Exhibit "1"). Lamb did not own the mobile home where she was served on September 24, 2007 nor did she own or rent any property in Alabama. (Exhibit "1").

Lamb was receiving medical treatment in Michigan before this lawsuit was filed. (See Exhibit "1"). Lamb was also paying for utilities and attending church in Michigan before this lawsuit was filed. (See Exhibit "1").

Lamb also applied for a nursing license in Michigan before this case was filed and has received that license. (Exhibit "1"). She has not been employed in Alabama since at least June 2007. (Exhibit "1"). Her personal belongings and household items have been located in Michigan since June 2007.

Contrary to the plaintiff's assertions, there is no question whatsoever that both defendants were domiciled in Michigan before this lawsuit was filed. The plaintiff makes unreasonable assumptions and attempts to assert Alabama residency upon Lamb based on mere speculation, conjecture, and inadmissible evidence.

Specifically, the plaintiff primarily bases her motion to remand upon the affidavit of the plaintiff's apparent process server, Toby Horne ("Horne"), which provides testimony concerning statements allegedly made by Lamb's mother.

Such statements are clearly hearsay pursuant to Rule 801(c) of the Federal Rules of Evidence as the affidavit provides alleged statements "other than those made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The statements were allegedly made by Lamb's mother, a non-party to this action.

As a result, the defendants move to strike the affidavit of Toby Horne as it is replete with inadmissible hearsay.

Additionally, the defendants move to strike the submission of the accident report in this case by the plaintiff in support of her motion to remand.

Clearly, any information contained in the report is also hearsay pursuant to Rule 801(c) of the Federal Rules of Evidence and is due to be stricken from the record. The report itself is a statement of the investigating officer who has not provided testimony at a hearing nor trial of this case concerning the report's contents. See In re Boshears, 110 F.3d 1538, 1542 n.4 (11th Cir. 1997).

It should also be noted that the plaintiff's reliance upon the Audi case is misplaced. First, unlike the present case, it was clear in Audi that the defendant was still residing in Alabama. The defendant had testified in a worker's compensation hearing that he was still residing in Alabama.

Moreover, in Audi, the defendant's spouse was still residing in Alabama in an apartment, which was not vacated until after the lawsuit was filed and the defendant frequently visited his wife at the apartment following filing of the complaint. Testimony established that the defendant's wife had announced the couple were "planning" on moving to another state.

Indeed, the facts in the <u>Audi</u> case established that the defendant merely "intended" to move to another state and had not yet established a new domicile.

To the contrary, in the present case, Lamb has never testified that she is a resident of Alabama. In fact, Lamb had previously moved to Michigan in June 2007, approximately three months before suit was filed. She was receiving medical treatment in Michigan and intended on remaining in that state indefinitely. (See Exhibit "1"). Lamb also paid for utilities and attended church in Michigan. (See Exhibit "1").

Lamb also applied for a nursing license in Michigan before this case was filed and has received that license. (Exhibit "1"). She has not been employed in Alabama since at least June 2007. (Exhibit "1"). Lamb has been receiving mail in Michigan since June 2007. (Exhibit "1").

The plaintiff attempts to assert Alabama residency on Lamb merely because she was "asleep at [her mother's] Alabama residence on the day she was served". Such is, without any doubt, insufficient to establish residency in Alabama given the overwhelming evidence establishing her domicile in Michigan.

Therefore, diversity of citizenship of the parties is clear and this court maintains jurisdiction over the present case.

## II.  THE PLAINTIFF'S MOTION TO REMAND IS DUE TO BE DENIED AS THE AMOUNT IN CONTROVERSY CLEARLY EXCEEDS $75,000.

This court maintains jurisdiction over this case as the amount in controversy exceeds $75,000. Where a plaintiff's complaint demands an unspecified amount of damages, a defendant must prove, by a preponderance of the evidence, that the $75,000 minimum is satisfied. <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316 (11th Cir. 2001).

As a result, Lamb and Swing need only establish that the amount in controversy is, more likely than not, greater than $75,000. The defendants have obviously met this burden.

The plaintiff's complaint itself provides that, as a result of the defendants' alleged tortious conduct, "she was injured in and about her body, including but not limited to, injury to her shoulder and rotator cuff requiring surgery and painful physical therapy; she incurred medical bills; and, she has suffered physical pain and suffering, mental anguish and emotional distress and other damages, losses and impairments. Some or all of said damages and losses are permanent in nature or are otherwise expected to continue in the future."

Even still, the plaintiff seeks compensatory and punitive damages against the defendants for her alleged permanent injuries. It has been noted that a plaintiff's assessment of the value of her case is given great weight. Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994). The defendants need not speculate as to the amount in controversy in this case or the plaintiff's evaluation of the value of her case.

The most recent settlement demand by the plaintiff herself was greater than $75,000 (See Notice of Removal, attached hereto as exhibit "3"); yet, the plaintiff now attempts to self-servingly represent to this court that the requisite $75,000 threshold for federal jurisdiction has not been met. Clearly, the defendants have established, by the plaintiff's own valuation which is due great weight, that the amount in controversy in this case exceeds the jurisdictional amount.

### III. LIMITED DISCOVERY CONCERNING FEDERAL JURISDICTION SHOULD NOT BE ALLOWED.

The plaintiff's motion for limited discovery concerning jurisdiction in this case is due to be denied in the interest of judicial economy. "The court should not reserve ruling on a motion to remand in order to allow the [plaintiff] to discover the potential factual basis of [a lack of federal] jurisdiction." Lowery v. Alabama Power Co., 483 F.3d 1184, 1217 (11th Cir. 2007). "Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction . . . ." Id.

The defendants have clearly established both requirements of federal jurisdiction. Both defendants were residents of Michigan at the time suit in this case was filed. Additionally, the defendants have shown by a preponderance of the evidence that the amount in controversy is greater than $75,000.

WHEREFORE, the defendants respectfully request this court deny the plaintiff's motion to remand this case or, in the alternative, to allow discovery concerning jurisdiction as jurisdiction has clearly been satisfied and additional discovery concerning jurisdiction is unnecessary.

       /s/ R. Larry Bradford
R. Larry Bradford, Attorney for Defendant,
Nell E. Lamb
Attorney Bar Code: ASB-8038-F64R

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, Alabama 35216

## CERTIFICATE OF SERVICE

     I hereby certify that I have this the _____ day of November, 2007 served a copy of the foregoing to all attorneys of record by electronically filing and/or placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Tedford Taylor, Esq.
Taylor & Taylor
2130 Highland Avenue
Birmingham, AL 35205

                                               /s/ R. Larry Bradford
                                               OF COUNSEL

DEFENDANT'S EXHIBIT

STATE OF MICHIGAN

SHIAWASSEE COUNTY

## AFFIDAVIT OF TODD SWING

TODD SWING, being duly sworn, deposes and says under oath as follows:

1. My name is Todd Swing. I am over the age of nineteen (19) years and am competent to make this affidavit. It is based upon my personal knowledge.

2. I have been domiciled and residing in Michigan since June 2006. I have not owned nor rented any real property in Alabama since at least June 2006.

3. I intend to remain in Michigan indefinitely. I have many family members who reside in Michigan. My personal belongings and household items have been located in Michigan since June 2006.

4. I have been attending church in Michigan since June 2006.

5. I have been employed by Light Divine Homes as a business manager/bookkeeper and by Michigan State University as a custodian since moving to Michigan in June 2006.

6. I applied for and received sign-language certification from the state of Michigan before September 11, 2007.

7. I have been paying utilities in Michigan and have had a listed telephone number in Michigan since June 2006.

8. I have been receiving mail in Michigan since June 2006.

9. I have been registered to vote in Michigan before September 11, 2007. Additionally, I have held a Michigan driver's license and my automobile title was registered in Michigan before September 11, 2007.

*[signature]*
Todd Swing

Sworn to and subscribed before me this the 14 day of November, 2007.

*[signature]*
Notary Public

CAROL L. SALLADAY
Notary Public, Gratiot County, MI
My Commission Expires February 10, 2008



STATE OF MICHIGAN

SHIAWASSEE COUNTY

### AFFIDAVIT OF NELL ELAINE LAMB

NELL ELAINE LAMB, being duly sworn, deposes and says under oath as follows:

1. My name is Nell Elaine Lamb. I am over the age of nineteen (19) years and am competent to make this affidavit. It is based upon my personal knowledge.

2. I have been domiciled and residing in Michigan since June 2007. I have not owned nor rented any real property in Alabama since at least June 2007.

3. I intend to remain in Michigan indefinitely. I have many family members who reside in Michigan and I have periodically lived in Michigan before June 2007.

4. I have been attending church in Michigan since June 2007.

5. I have not been employed in Alabama since at least June 2007.

6. I applied for a certificate to practice nursing in Michigan before September 11, 2007 and have since received that license.

7. I have assisted in paying utilities in Michigan and received medical treatment in Michigan after June 2007 and before September 11, 2007.

8. I have been receiving mail in Michigan since June 2007.

9. I have only returned to Alabama temporarily and periodically to assist my elderly mother in packing so that she can move to Michigan. I was only assisting my mother in packing for her move to Michigan when I was served with a copy of the complaint filed by Sonia Hammock on September 24, 2007.

_Nell Elaine Lamb_
Nell Elaine Lamb

Sworn to and subscribed before me this the 13th day of November, 2007.

_____
Notary Public

KAREN DEAN
Notary Public - Michigan
Clinton County
My Commission Expires Apr 11, 2013
Acting in the County of Shiawassee