IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SONIA R. HAMMOCK, § § Plaintiff, § § § v. § § NELL E. LAMB and TODD SWING, § et al., § § Defendants. § | CIVIL ACTION NO. 07-CV-00896-WHA-TFM |

### PLAINTIFF'S SUPPLEMENTAL BRIEF
### IN SUPPORT OF MOTION TO REMAND

COMES NOW the Plaintiff, Sonia R. Hammock, and in further support of her previously filed Motion to Remand, states as follows:

### Introduction

On October 5, 2007, Defendants removed this case from the Circuit Court of Lowndes County, Alabama, to this Court pursuant to 28 U.S.C. § 1441 asserting federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff subsequently filed a motion to remand in which she challenges Defendants' assertion that complete diversity of citizenship exists between the parties. This Court granted Plaintiff leave to conduct limited discovery on the jurisdictional issue. In an affidavit filed in opposition to Plaintiff's motion to remand, Defendant Nell E. Lamb swore that as of June 2007 she was a citizen of the State of Michigan and that she had an intention to remain there. However, in a jurisdictional

deposition taken on January 22, 2008, Lamb testified that she did not move to Michigan until October 1, 2007. The complaint in this case was filed on September 11, 2007, and Lamb was served with the summons and complaint on September 24, 2007, in Alabama.

**Factual Background**[1]

Lamb is 47 years old and not married. She has no children. (Exhibit 5, p. 7). She was born in Montgomery, Alabama and she graduated high school from The Williams School in Montgomery. (Exhibit 5, p. 8). Lamb's closest relatives are her mother, two sisters, brother and uncle. Until October 1, 2007, Lamb's mother lived at 130 Lost Trail in Lowdnesboro, Alabama. Her sister Barbara Grant lives in Hope Hull, Alabama. (Exhibit 5, p. 32). Her other sister Edith Law lives in Laingsburg, Michigan. Her brother Michael Lamb lives on Dalford Street in Montgomery, Alabama. Her uncle lives at 120 Lost Trail in Lowdnesboro, Alabama.

Lamb obtained her nursing degree from Troy State in Montgomery, Alabama, in 1981. (Exhibit 5, p. 8). Since that time she has worked as a registered nurse for various companies. Lamb has nursing licenses in Alabama, Virginia and California. (Exhibit 5, p. 9). Her Alabama license is active and does not expire until December 31, 2008. (Exhibit 5, p. 10). Her Virginia license does

---

[1] Plaintiff relies on her previously filed evidentiary submission (Exhibits 1-4) and a supplemental evidentiary submission which includes jurisdictional discovery (Exhibit 5).

not expire until January 31, 2008, and her California license does not expire until February 28, 2009. (Exhibit 5, p. 11).

Lamb was a private duty nurse in Alabama from December 2002 to April 2003. Lamb jointly owned family property with her mother which was located at 112 Sullivan Hill in Lowndesboro, Alabama. (Exhibit 5, p. 43). Lamb's mother lived at 130 Lost Trail in Lowndesboro. Lamb worked for Travel Nurse Across America in California from July 2003 to November 2003. (Exhibit 5, p. 17). She worked for Adidas Health Care from March 2005 to July 2005. (Exhibit 5, p. 17). From September 30, 2005, until March 13, 2006, Lamb was employed as a nurse for Prison Health Services and worked at Tutwiler Prison in Wetumpka, Alabama. (Exhibit 5, pp. 17, 41). The automobile accident in this case occurred on November 23, 2005. Lamb disclosed to the investigating police officer that her address was 112 Sullivan Hill Highway 80 West, Lowndesboro, Alabama, 36752. (Exhibit 5, p. 41).

Lamb worked for On Assignment in Charlottesville, Virginia as a travel nurse from October 2006 to June 2007. (Exhibit 5, p. 12). The property that Lamb jointly owned with her mother in Lowndesboro was sold in either 2006 or 2007. (Exhibit 5, p. 29). After that time, Lamb lived in Lowndesboro with either her mother at 120 Lost Trail or her uncle at 130 Lost Trail or her brother in Montgomery. (Exhibit 5, p. 39).

Lamb did not work from June 2007 until January 2008. (Exhibit 5, p. 12). In June, she visited with her sister in Michigan. When not visiting with her sister, Lamb lived with her mother at 130 Lost Trail in Lowndesboro, Alabama. (Exhibit 5, p. 38). Lamb was living in Alabama when the complaint in this case was filed on September 11, 2007. Lamb testified that she was going to move to Michigan with her mother on September 21, 2007, but that she became sick and did not actually move until October 1, 2007. (Exhibit 5, p. 38). On September 24, 2007, Lamb was served at 130 Lost Trial in Lowndesboro, Alabama, with the Summons and Complaint for this lawsuit which had been filed on September 11, 2007. (Exhibit 5, p. 45).

When Lamb moved to Michigan with her mother, she took her personal belongings, clothes and television set with her. (Exhibit 5, p. 48). She rented a car in Alabama for the move to Michigan. She does not own any automobiles. (Exhibit 5, p. 26). Lamb stays at a house located at 225 West Street in Laingsburg, Michigan, which is owned by her brother-in-law. She lives there with her mother, sister, brother-in-law and nieces and nephews. (Exhibit 5, pp. 36-37). Lamb's furniture was not moved to Michigan until November 2007. (Exhibit 5, p. 48). Lamb does not pay rent or utilities to her brother-in-law, but she occasionally purchases groceries. Lamb applied for a Michigan nursing license in July 2007. (Exhibit 5, p. 9). It was not until January of 2008 that

Lamb began working as a registered nurse at Sparrow Hospital in Lansing, Michigan. (Exhibit 5, p. 12).

Lamb's documentation and records are almost exclusively Alabama-based. She holds an Alabama gun permit. (Exhibit 5, p. 23). Lamb's only active bank account is at Bancorp South in Brookwood, Alabama. (Exhibit 5, p. 66). Lamb was and continues to be registered to vote in Alabama, and she has taken no steps to register to vote in Michigan or to be taken off of the voter registration rolls in Alabama. (Exhibit 5, pp. 25, 75). Lamb currently holds an Alabama Driver's License. Lamb has taken no steps to obtain a Michigan driver's license. (Exhibit 5, p. 10). Her Alabama Driver's License expires on January 25, 2010. (Exhibit 5, p. 10). Lamb has not applied for a Michigan residential or cell telephone number. (Exhibit 5, p. 59). Lamb has not filed federal income tax returns or state income tax returns for 2005, 2006 or 2007. (Exhibit 5, p. 19).

Lamb is a life-long member of the Church of Jesus Christ of Latter Day Saints. (Exhibit 5, p. 52). Lamb was affiliated with a local branch of that Church, located in Montgomery, Alabama, prior to her moving to Michigan in October 2007. (Exhibit 5, p. 54). Lamb did not take any steps to transfer her local church membership to Michigan until sometime after October 3, 2007. (Exhibit 5, p. 53).

Dr. Hamp Green in Montgomery is Lamb's Neurologist. (Exhibit 5, pp. 57-58). Lamb still considers Dr. Green to be her doctor. Lamb testified that "no matter where she lives, she will fly back to see him. She won't give him up." (Exhibit 5, p. 59). Lamb continues to take medications prescribed to her by Dr. Green. (Exhibit 5, p. 72).

### **Argument**

Complete diversity of citizenship, meaning that no defendant may be a citizen of the same state as any plaintiff, is required at the time the cause of action is filed and the defendant is served for this Court to have jurisdiction. Rayfield v. National Auction Group, 878 F.Supp. 203 (M.D. Ala. 1995); Slate v. Shell Oil Co., 444 F.Supp.2d 1210 (S.D. Ala. 2006); Sprinkle v. Johnson, 2007 U.S. Dist. LEXIS 93373 (S.D. Ala., Dec. 19, 2007). For diversity jurisdiction purposes, "citizenship" means "domicile." Audi Performance and Racing LLC v. Kasberger, Revo Technik, America, LLC, 273 F.Supp.2d 1220, 1226 (M.D. Ala. 2003)(citing Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." 273 F.Supp.2d at 1226 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.) cert. denied, 419 U.S. 842 (1974)).

Courts have acknowledged the usefulness of certain presumptions in order to establish domicile. <u>Audi</u>, 273 F.Supp.2d at 1226. First among these presumptions is "that the state in which a person resides at any given time is also that person's domicile." <u>McDonald v. Equitable Life Insurance Co. of Iowa</u>, 13 F. Supp.2d 1279, 1281 (M.D. Ala. 1998). Second, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." <u>Id</u>. Another important presumption is that of

> favoring an established domicile as against an allegedly newly acquired one. The effect of this presumption is to put a heavier burden on a party who is trying to show a change of domicile than is placed on one who is trying to show the retention of an existing or former one.

<u>Brown v. Transouth Financial Corp</u>., 897 F. Supp. 1398, 1402 (M.D. Ala. 1995)(citations omitted).

Once a person establishes a domicile, it continues until the person establishes a new domicile. Id. In this circuit,

> it is elementary that, to effect a change of one's legal domicile, two things are indispensable: First, residence in the new locality; and second, the intention to remain there. The change cannot be made, except *facto et animo*. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change. There must be animus to change the prior domicile for another. Until the new one is acquired, the old one remains.

<u>Welsh v. American Surety Co. of New York</u>, 186 F.2d 16, 17 (5th Cir. 1951).

Applying the presumptions in this case, Alabama appears to have been Defendant Lamb's residence when the complaint was filed on September 11, 2007, and when she was served on September 24, 2007. As her residence, it is presumed Alabama was also her domicile. Next, Defendant Lamb is presumed to remain a citizen of Alabama until she satisfies the requirements of making Michigan her domicile. As discussed more fully below, her future intent to make Michigan her residence does not satisfy the mental and physical requirements of changing domiciles. And last, as her established domicile, Alabama is favored over the domicile she is now trying to establish in Michigan.

In addition to the aforementioned presumptions, courts examine a host of specific objective factors to determine whether a domicile has been established. Audi, 273 F.Supp.2d at 1226; Rayfield, 878 F.Supp. at 206. These include:

> location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local, professional, civic, religious, or social organizations.

Audi, 273 F.Supp.2d at 1226. However, no single factor is conclusive; instead, a "totality of evidence" approach is necessary. McDonald, 13 F. Supp.2d at 1281; National Artists Management Co. v. Weaving, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991).

In the <u>Audi</u> case, the defendant was planning to move to Florida and had even taken some steps to do so, including moving his clothing and personal belongings, and opening Florida bank accounts. 273 F.Supp.2d at 1228. While in Florida, he started a contract job and stayed with his parents, paying no rent or utilities. The court found other factors established that he was still domiciled in Alabama, including the fact that his wife still occupied an apartment in Alabama and he came to visit her and stayed at the apartment. <u>Id</u>. at 1223. Other factors were that he maintained an Alabama driver's license, vehicle registration and license plate, Alabama voter status, and an Alabama cell phone. <u>Id</u>. at 1228. On these facts, the court found that whether the defendant successfully changed his domicile to Florida at some date after service of process did not change the fact that he had not met his burden of clearly establishing requirements for diversity jurisdiction. <u>Id</u>. at 1228.

Lamb would have this Court accept her sworn representation that she established a residence in Michigan and that as of June 2007, that residence was the place to which she intended to return. An individual's statements of intent are also considered in determining domicile. <u>McDonald</u>, 13 F. Supp. 2d at 1281. A party seeking to establish that she has changed her domicile may submit declarations of her intention to establish a domicile in a particular state, however like other self-serving declarations,

such statements may lack persuasiveness or be negated by other declarations or inconsistent acts. <u>Welsh</u>, 186 F.2d at 18; <u>McDonald</u>, 13 F. Supp.2d at 1281 ("when subjective expressions of intent conflict with established facts, courts accord them little weight."); <u>Rayfield</u>, 878 F. Supp. at 206. Lamb's subjective expressions of intent conflict with established facts and with the declaration she made in her affidavit. Consequently, these self-serving declarations lack persuasiveness.

Prior to October 1, 2007, Lamb stayed with her mother in her Alabama home. The Alabama home was not vacated until October 1, 2007, several days after this lawsuit was filed and several days after Lamb was served with the summons and complaint. Lamb's merely living with someone in Michigan part time and saying that she intended that to be her home after she learned that she had been sued in Alabama hardly outweighs the evidence to the contrary. <u>Rayfield</u>, 878 F. Supp. at 207.

Defendant Lamb's assertion that she was visiting her mother at her house is much like the <u>Audi</u> defendant's argument that he was merely visiting his wife in Alabama while claiming that his domicile was really in Florida where he was staying with his parents. <u>Audi</u>, 273 F.Supp.2d at 1227. The <u>Audi</u> court held that his claim that he was visiting and had a future intent to be domiciled in Florida was not sufficient to establish diversity jurisdiction. <u>Id.</u> The case is the same here.

10

Lamb was not working prior to the initiation of this lawsuit. Her own testimony reveals that she began that employment well after this lawsuit was filed and well after her move to Michigan. Thus, the Court cannot find that the fact of the employment alone required her presence in Michigan.

Lamb's household furnishings remained in Alabama until after the date this suit was filed. Lamb did not become responsible for any utility payments in Michigan prior to the filing of this lawsuit. Lamb's driver's license was issued by the State of Alabama and long after this lawsuit was filed and Lamb "moved" to Michigan, and Lamb did nothing to change this prior to the date on which this suit was filed. As of the date of the filing of this lawsuit, Lamb had not acquired a Michigan telephone number. Lamb had not established membership in any local professional, civic, religious or social organizations in Michigan by the date on which she was sued. Lamb's situation is unlike the Defendant's in <u>McDonald v. Equitable Life Ins. Co. of Iowa</u>, 13 F.Supp.2d 1279, 1282 (M.D. Ala. 1998), who "moved not only himself but his wife and children, and all of their furniture and other belongings, to Georgia, where they all now reside in an apartment; all of their utilities are with Georgia companies; he and his wife have obtained Georgia car tags."

Similarly, as of the date of the initiation of this action, Lamb was a registered voter in Alabama, and she had done nothing to

rescind that registration or to register to vote in Michigan. Like the Plaintiff in Garcia v. American Heritage Life Ins. Co., 773 F.Supp. 516, 520 (D. P.R. 1991), who "always voted in Puerto Rico, has not registered to vote in Florida, and has not made a transfer or change of address with the Election Commission," Lamb was also registered to vote in Alabama, has not registered to vote in Michigan, and has not notified the Lowndes County registrar that she will no longer vote in Alabama.

The totality of the relevant evidence indicates that Lamb was, for purposes of diversity jurisdiction, a domiciliary of Alabama on September 11, 2007, when Plaintiff filed this lawsuit, and that as of that date she had not changed her domicile to Michigan. Given these findings and the requirement that diversity exist at the time that the lawsuit sought to be removed was filed, the Court need not explore whether Lamb successfully changed her domicile at some later date. Lamb has not met her burden of establishing that the requirements for diversity jurisdiction are satisfied. Consequently, this case is due to be remanded to the Circuit Court of Lowndes County, Alabama.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Sonia R. Hammock, prays that this Honorable Court will remand this action to the state court where it was originally filed. Plaintiff also requests

payment of just costs, actual expenses and attorneys' fees associated with the removal.

/s/ Tedford Taylor
TEDFORD TAYLOR

Attorney for Plaintiff

OF COUNSEL:

TAYLOR & TAYLOR
2130 Highland Avenue
Birmingham, Alabama 35205
(205) 558-2800 (phone)
tedford@taylorlawyers.com (e-mail)

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed this pleading so that service will be sent by the ECMF System via electronic mail to the following on this the 15th day of February, 2008.

Larry Bradford, Esq.
lbradford@bradfordsears.com

/s/ Tedford Taylor
TEDFORD TAYLOR